UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BUTTE COUNTY,<br><br>                    Plaintiff,<br><br>v.<br><br>JENNIFER MULHERN GRANHOLM,<br>in her official capacity as SECRETARY<br>OF ENERGY; and the UNITED<br>STATES DEPARTMENT OF<br>ENERGY,<br><br>                    Defendants. | Case No. 1:23-cv-00093-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Butte County's Motion to Amend Complaint. Dkt. 18. Defendants Jennifer Granholm and the United States Department of Energy (collectively "DOE") oppose the Motion. Dkt. 19.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES Butte County's Motion.

## II. BACKGROUND

Butte County filed this lawsuit on March 6, 2023. Dkt. 1. As explained in detail in the Court's prior decision, this case is, in essence, a follow-up suit to one filed by Butte County in 2019 in the Court of Federal Claims. Dkt. 16, at 7.

The gist of Butte County's suit before the Court of Federal Claims was that the United States had failed to provide Butte County with monetary impact assistance payments[1] under the Nuclear Waste Policy Act ("NWPA") for the storage and disposal of spent nuclear fuel ("SNF") at the Idaho National Laboratory ("INL"). For various reasons, the Court of Federal Claims dismissed all of Butte County's claims. *Butte Cnty. v. United States*, 151 Fed. Cl. 808, 815 (2021). The Federal Circuit affirmed the dismissal. *Butte Cnty. v. United States*, 2022 WL 636101 (Fed. Cir. Mar. 4, 2022).[2]

Butte County then filed the instant suit in Idaho pursuant to the Administrative Procedures Act ("APA"). Butte County again alleged—via six individual causes of action—that the SNF stored at the INL was being held there pursuant to the interim storage program described as "Part B" of the NWPA[3] and, as a result, the DOE should have

---

[1] The NWPA authorizes impact assessment payments to states or to individual counties in order to mitigate the impact of storing nuclear waste. 42 U.S.C. § 10156(e).

[2] For a more detailed explanation of nuclear waste policy, the relevant agencies involved, the historical details underlying this case, and the factually underpinnings of the decision of the Court of Federal Claims, see Dkt. 16, at 1–7.

[3] The NWPA is codified as 42 U.S.C. § 108. Subchapter I sets forth three primary storage and disposal methods for nuclear waste. Part A (§§ 10131 – 10145) provides for the construction and operation of one or more geologic repositories for permanent disposal of SNF; Part B (§§ 10151 – 10157) provides for an interim storage program for SNF; and Part C (§§ 10161 – 10169) provides for longer term, temporary storage of SNF in conjunction with a repository. As will be explained, Butte County's original causes of action were based on purported violations of Part B. Its Amended Complaint focuses more on Part A. Part

determined the social and economic impacts of such storage and provided compensatory payments to Butte County.

Before discovery even began, the DOE filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 7.

With respect to the DOE's jurisdictional argument under Rule 12(b)(1), the Court held the prior case before the Court of Federal Claims had preclusive effect on Butte County's first four claims for relief, and that Butte County lacked standing to assert its fifth and sixth causes of action. Dkt. 16, at 8–14. The Court also found the statute of limitations had long-since run on *all* of Butte County's claims. *Id*. at 14–19.

As for the DOE's substantive arguments under Rule 12(b)(6), the Court agreed with the DOE that Butte County was, simply put, wrong that Part B of the NWPA provided an avenue for relief. As the Court explained:

> [T]he simple fact boils down to this: the DOE *never* relied on Part B of the NWPA to establish an interim storage program. It *never* fulfilled any of those contracts. It *never* made any impact assistance payments. Thus, Butte County's whole case is based upon a flawed premise. The DOE cannot be liable under the NWPA because it never took any action pursuant to the NWPA.

*Id*. at 19 (italics in original). Having so held, the Court dismissed each of Butte County's six claims. The Court also expressed skepticism that Butte County could amend its complaint sufficiently to proceed. *Id*. at 22. Nevertheless, the Court determined Butte County could motion for leave to amend and, via that process, the Court and the DOE

---

C is discussed for context but does not form the basis of any claim—in Butte County's original Complaint or now in its proposed Amended Complaint.

would be able to review the proposed changes and determine whether the allegations were adequate to allow the case to continue into the discovery phase. *Id*. at 23.

Butte County elected to file a Motion to Amend Complaint. Dkt. 18. Therein, Butte County maintains it has remedied the Court's standing concerns and better supported its six previous causes of action. It also brings two new causes of action against the DOE under *Part A* of the NWPA, contending the ongoing storage and disposal of SNF at the INL is in direct contravention of the law. The DOE opposed the Motion to Amend. Dkt. 20. It argues Butte County has not only failed to remedy the Court's prior concerns, but also fundamentally misunderstands the purpose of the NWPA and the statutory scheme surrounding SNF and the disposal of nuclear waste. Butte Country filed a reply in support of its motion and the matter is ripe for review.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

That said, "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Leary v. Idaho*, 2009 WL 701473, at *4 (D. Idaho Mar. 17, 2009) (*citing Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988)); *see also* Fed. R. Civ. P. 15(a)(2). "[W]hen a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Wold v. El Centro Fin., Inc*., 2009

WL 1738464, at *1 (D. Idaho June 17, 2009) (*quoting Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1088 (9th Cir. 2002)).

## IV. DISCUSSION

The Court begins with a general observation. Butte County's original complaint contained six causes of action. Each of those claims focused on the idea that the DOE had erred in failing to provide Butte County with impact assistance payments for SNF held at the INL. At oral argument, however, counsel devoted substantial time to a broader argument about the DOE's failure to properly store and dispose of SNF in the United States overall. Counsel repeatedly referenced the Yucca Mountain debacle[4] and a lawsuit like this one in South Carolina.[5] Counsel also explained that Butte County does not actually want the impact payments at this time, and instead seeks only the DOE's compliance with its statutory obligations.

Butte County's Amended Complaint hearkens to this broader concept as well. Said another way, Butte County's "issue" with the DOE has changed to a certain degree. As noted, it was initially frustrated that impact assistant payments had not been assessed and

---

[4] In 1987, Congress amended the NWPA to formally select Yucca Mountain, Nevada, as the sole site of a repository for SNF. The project was controversial, faced significant opposition (political, social, and economic), and was ultimately never completed.

[5] The South Carolina lawsuit was based on the APA and the DOE's failure to meet certain production goals it had agreed to with respect to SNF. As a result of this failure, that Court ordered the DOE to transport SNF out of South Carolina. *South Carolina v. United States*, 243 F. Supp. 3d 673, 695 (D.S.C. 2017), *aff'd,* 907 F.3d 742 (4th Cir. 2018). While that case bears some similarities to the present circumstances, there are stark differences, and the Court does not share Butte County's belief that what happened in that case should happen here.

paid.[6] Now, however, Butte County seems to have a more comprehensive objection to how SNF is stored in the first instance—regardless of any impact assistance payments. It alleges the DOE has dragged its feet and "unreasonably delayed"—for decades—in performing its duties to dispose of SNF.

The Court is not necessarily faulting Butte County for changing its tune in light of the Court's prior decision. But to reiterate, it seems like Butte County was not sure what tune it was playing from the outset. Its claims before the Court of Federal Claims were about impact assistance payments. Having lost there, Butte County tried to pivot slightly before this Court, alleging the DOE failed to assess impact payments, but also that its storage at the INL is statutorily barred. Now, via amendment, it hopes to focus more directly on the idea that the DOE has been derelict nationwide in its duty to properly store SNF under the NWPA. Critically, however, Butte County has shifted from Part B of the NWPA to Part A with its new seventh and eighth causes of action.

The Court will now address whether Butte County's Amended Complaint can proceed.

### A. Claims One through Six

The Court previously dismissed all of Butte County's claims (One through Six) for a variety of reasons—jurisdictional and substantive. Butte County now argues it adequately states such claims in its Amended Complaint by providing additional factual allegations

---

[6] In fairness, Butte County's original complaint did discuss Yucca Mountain. But that was more of a historical discussion. *See, e.g.,* Dkt. 1, at 12. And its original prayer for relief asked the Court to enjoin the DOE from violating the NWPA and to find a different way to store SNF, in addition to the requests about impact assessment payments. *Id*. at 48–49. But Butte County has now shifted its primary focus to this wider issue (and under a different statutory scheme than previously alleged).

regarding standing and its injury—namely, that the DOE's delay in disposing of SNF is an "ongoing" harm. But a lack of standing was just one of the Court's proffered reasons for dismissal. The bigger problem for Butte County was the Court's holding that the DOE never implemented an interim storage program under Part B of the NWPA to begin with. Butte County wholly failed to address this issue via amendment, and it is this fundamental hurdle that continues to doom these claims.[7]

Again, put succinctly, the DOE never utilized Part B of the NWPA to enter any contracts for the storage and/or disposal of SNF. Second, by its terms, even if it had utilized such contracts, the DOE's authority to do so ended on January 1, 1990. Third, the applicable six-year statute of limitations means Butte County's time to challenge any actions the DOE took pursuant to Part B of the NWPA ran in 1996.

In sum, Butte County has not provided any information or substantive changes which remedy the Court's conclusion that Part B is not the correct avenue for Butte County's claims.

Accordingly, Butte County's Motion to Amend is denied with respect to claims One through Six.

### B. Claims Seven and Eight

This brings the Court to Butte County's new claims: Seven and Eight. Claims Seven and Eight both allege that the DOE has unreasonably delayed in establishing a geologic repository for SNF as described in Part A of the NWPA. Butte County also references the

---

[7] Butte County did not attempt to address the Court's other concern either—that Part B of the NWPA is not "money-mandating"—therefore, the Federal Circuit's decision precludes further argument on that topic.

Atomic Energy Act of 1954 ("AEA") and the Department of Energy Organization Act of 1977 ("DEOA") in support of these new causes of action.

The Court sees three problems with Butte County's new claims—at least as it applies to Part A of the NWPA.

### 1.  Applicability of Part A

First, it seems Butte County is trying to fit a square peg in a round hole. Butte County's original complaint focused on two types of SNF: (1) the TMI-2 reactor core material, and (2) naval SNF removed from submarine nuclear reactor cores. It brought those claims under Part B of the NWPA. Butte County is still concerned about these two categories of SNF. But the connection of these materials to Part A is unclear. As the Court explained in its prior decision, the DOE handled these two types of SNF under its AEA authorities, not the NWPA—Part A, B, C or otherwise. Dkt. 16, at 3, 20. Butte County has not provided any reason to challenge or change that conclusion.

In other words, it is the AEA, not Part A of the NWPA, that governs DOE's handling of these materials. Notably, the Ninth Circuit previously rejected attempts to apply the repository provisions of the NWPA to the INL, concluding that "Hanford, Savannah and the Idaho National Engineering Laboratory are federal facilities where high-level waste is generated and stored; they pre-date NWPA, and are not repositories." *NRDC v. Abraham,* 244 F.3d 742, 743-47 (9th Cir. 2001).

For its part, Butte County alleges the DOE is being myopic in its assertion that its two new causes of actions are brought only under Part A of the NWPA. It agrees that the repository requirements of Part A of the NWPA do not apply to the types of SNF previously

referred to in this case. Dkt. 20, at 4. It postures, however, that its Amended Complaint is focused on the DOE's broader failure under the AEA and the DEOA to dispose of SNF in general.

The Court understands Butte County's point. It does state the basis for claims Seven and Eight are the NWPA, the DEOA, and the AEA. But that's about it. Individualized references to these Acts are scarce. Specific provisions the DOE allegedly violated (or failed to abide by) are not included.[8] So, while it is true that Butte County has not limited its causes of action to violations of the NWPA, there is little support for its assertions that these claims are based on other congressional acts.[9] While this failure will be further addressed in the next section as applied to the standards under the APA, the Court notes here that as a general pleading matter, these claims must be dismissed for a lack of specificity. *See* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In sum, Part A of the NWPA does not apply in these circumstances. That said, the Court cannot say for certain at this stage that the claims are wholly without merit because the AEA and the DEOA *might* apply. For that reason, the Court will deny Butte County's

---

[8] By way of example, claim Seven's subtitle includes "APA, NWPA, and DEOA"—presumably indicating the basis of the claim is those three Acts. Dkt. 18-1, at 52. This list is repeated in the claim itself. *Id*. at 52–53. However, the only specific code references are to sections of the NWPA. *Id*. at 52. To be sure, Butte County has—like all Plaintiffs—"incorporated" all preceding paragraphs from its Complaint into the specific causes of action. *Id*. And there are discussions about the DEOA and the AEA in those prior paragraphs. *See, e.g. id*. at 10. But the DOE's focus on the NWPA is not as far off base as Butte County suggests because the NWPA truly does appear to be the primary basis for Butte County's claims.

[9] Butte County's memorandum, but not the proposed Amended Complaint, mentions "§ 7133 of the DEOA." Dkt. 18-3, at 9. This is presumably in reference to 42 U.S.C. § 7133, which codifies section 203 of the DEOA. That section, however, is a general grant of authority to the DOE—including authority regarding government facilities for nuclear waste—but it does not provide any specific mandates for where, how, or how long SNF should be stored.

Motion to Amend. However, it will allow Butte County a final chance to amend to identify specific code sections under the DEOA and/or AEA that purportedly support Claims Seven and Eight.

### 2. 5 U.S.C. § 706(1)

Butte County's proposed claims Seven and Eight both rely on the APA's grant of authority that allows Courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

Judicial review of alleged agency *inaction* under the APA is narrow, and requires plaintiffs to meet the same high standard applicable to a writ of mandamus by showing that the action they assert the agency should take is a "discrete action[]" and is "unequivocally compelled by statute or regulation." *Vietnam Veterans of Am. v. CIA*, 811 F.3d 1068, 1081 (9th Cir. 2016); *cf. Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004). Accordingly, § 706(1) does not permit a court "to enter general orders compelling compliance with broad statutory mandates." *Vietnam Veterans*, 811 F.3d at 1081 (cleaned up).

Butte County's proposed Amended Complaint falls far short of this standard. Although Butte County appears dissatisfied with the DOE's progress toward establishing a geologic repository for SNF, it does not identify any specific statutory requirements of the NWPA, the AEA, or the DEOA that the DOE has not met.

For this additional reason, Butte County's Motion must be denied. Even if the NWPA applied to Counts Seven and Eight, Butte County has not identified any specific provisions the DEO has purportedly violated. The same is true as applied to the AEA and the DEOA.

MEMORANDUM DECISION AND ORDER - 10

If Butte County chooses to amend, it must identify a *specific* agency action required, by a *specific* statutory provision of the AEA or the DEOA, the DOE has not fulfilled

### 3. *Jurisdiction*

Finally, Butte County's new claims suffer from the additional problem that, even if Part A of the NWPA did provide specific requirements regarding the establishment of a geologic repository that the DOE has failed to meet, 42 U.S.C. § 10139 dictates that the courts of appeals shall have "original and *exclusive jurisdiction*" over any such challenge for failure to act. 42 U.S.C. § 10139 (emphasis added).

According to 42 U.S.C. § 10139(a)(1), the original and exclusive jurisdiction of the United States Courts of Appeals covers any civil action seeking review of agency action under Part A of the NWPA, *id*. § 10139(a)(1)(A), or that alleges "the failure of the Secretary, the President, or the Commission to make any decision, or take any action, required under this part," *id*. § 10139(a)(1)(B). *See also Wisconsin Elec. Power Co. v. Dep't of Energy*, 211 F.3d 646, 648 (D.C. Cir. 2000) (noting § 10139 "grants the [circuit] court jurisdiction over cases seeking review of . . . the agency's failure to take any action required by the NWPA").

Thus, setting aside the Court's concerns with the inadequacy of Butte County's pleadings with respect to claims Seven and Eight, they are statutorily barred from bringing such claims under Part A of the NWPA in this forum.

## V. CONCLUSION

Butte County has not meaningfully responded to the Court's prior analysis regarding claims One through Six. What little was amended as to those claims is insufficient to carry

MEMORANDUM DECISION AND ORDER - 11

the day. As such, Butte County's Motion to Amend is denied, and further amendment will not be permitted, with respect to Claims One through Six.

As for claims Seven and Eight, Butte County maintains its Amended Complaint clearly outlines that the DOE is "flatly refusing to perform, and has unreasonably delayed, the nondiscretionary statutory responsibility to site and construct a repository for disposal" of SNF. Dkt. 20, at 4–5. This allegation is much broader than any suggestion that the DOE failed to make impact assessment payments to Butte County for actions taken (or not taken) at the INL, as Butte County originally pleaded in this case. Frankly, these new claims appear to be broad, almost nationwide challenges to the DOE's mandate to store and dispose of SNF. The Court is not entirely convinced such a drastic change in the pleadings sounds in principles of fairness or conforms with the Court's grant of leave to amend. Nevertheless, the Court has evaluated these two new claims and finds there are three distinct reasons they cannot proceed under Part A of the NWPA. For these reasons, the Motion to Amend must be denied.

That said, Butte County has alluded to the AEA and the DEOA as containing statutory provisions that *could* support claims Seven and Eight. As before, the Court is "not convinced Butte County's complaint could be saved by amendment at this point." Dkt. 16, at 22. However, if Butte County so chooses, it may file a new motion to amend and proposed amended complaint which excises claims One though Six, does not rely on the NWPA, and alleges specific failures by the DOE tied to specific code sections under the AEA and the DEOA.

MEMORANDUM DECISION AND ORDER - 12

## VI. ORDER

**IT IS HEREBY ORDERED THAT**:

1. Butte County's Motion to Amend (Dkt. 18) is **DENIED**.

2. Butte County has 30 days in which to file a new Motion for Leave to Amend. Any proposed amendments must comply with the parameters of this Order. The DOE may respond within 21 days of that filing and Butte County can reply within another 14 days. The Court will then determine if any claims can proceed.

DATED: March 31, 2025

David C. Nye
Chief U.S. District Court Judge