UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BUTTE COUNTY,<br><br>        Plaintiff,<br><br>v.<br><br>CHRIS WRIGHT, in his official capacity as SECRETARY OF ENERGY; and the UNITED STATES DEPARTMENT OF ENERGY,<br><br>        Defendants. | Case No. 1:23-cv-00093-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Butte County's Motion for Entry of Final Judgment. Dkt. 33. Butte County asks the Court to enter judgment dismissing its claims *without* prejudice so it can appeal. *See generally id*. Defendants oppose the Motion to the extent the Court enters the dismissal without prejudice, asserting instead that dismissal *with* prejudice is the appropriate path forward. *See generally* Dkt. 35. For the reasons set forth below, the Court GRANTS Butte County's Motion and enters a dismissal *with prejudice*.

## II. BACKGROUND

Butte County filed its Complaint in this case on March 6, 2023. Dkt.1. On February 1, 2024, the Court granted Defendants' Motion to Dismiss and entered Judgment

MEMORANDUM DECISION AND ORDER - 1

dismissing this case without prejudice. Dkts. 16, 17. The Court explained it was dismissing the case without granting leave to amend outright so that Plaintiffs' could choose what to do—appeal or amend:[1]

> Alternatively, of course, Butte County can conclude this litigation without further action or appeal the instant decision. Because it may desire to appeal, the Court will issue a judgment now. As indicated—both here and in the judgment—the dismissal is without prejudice; thus, if Butte County files a Motion for Leave to Amend and the Court grants the Motion, it will simply vacate the judgment and reopen the case.

Dkt. 16, at n.11.

Butte County elected to file a Motion for Leave to Amend on March 4, 2024. Dkt. 18. On March 31, 2025, the Court denied that Motion and afforded Butte County 30 days to file a renewed Motion for Leave to Amend if it so desired. Dkt. 22.

Butte County did not file a renewed motion, opting instead to appeal. Dkt. 23. In its appeal, Butte County designated both the February 1, 2024, Judgment and the March 31, 2025, Order as the matters it was appealing.

The Ninth Circuit recently dismissed Butte County's appeal for lack of jurisdiction applying *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc), concluding the Court's orders did not constitute a final decision under 28 U.S.C. § 1291 because the Court had extended Butte County a final opportunity to amend.

Butte County now asks the Court to enter final judgment so the appeal can proceed.

---

[1] Among other reasons, the Court had concerns regarding standing, issue preclusion, the statute of limitations, whether the District of Idaho or the Court of Federal Claims was the correct venue in the first instance, *and* whether Butte County could adequately amend its complaint.

MEMORANDUM DECISION AND ORDER - 2

### III. ANALYSIS[2]

The parties agree the Court should enter judgment. The only question is whether that judgment is with or without prejudice. Butte County suggests judgment should be without prejudice because that is the form of the Court's original judgment. Defendants counter that, because the Court has already allowed amendment—and expressed doubt about the viability of any future amendment—the dismissal at this point should be (or already is) with prejudice.

Upon review, the Court will enter judgment on Butte County's claims *with* prejudice. First, the Court is concerned that dismissal without prejudice may land Butte County right back where it doesn't want to be: facing questions from the Ninth Circuit as to why it chose to appeal rather than amend when the judgment is without prejudice.

Second, should the Ninth Circuit find the Court erred in dismissing any of Butte County's claims, the Court would, of necessity, reopen the case—regardless of the wording of the judgment.

In short, the Court means to aid Butte County in its ability to appeal and obtain resolution of its claims on the merits. The best way to do that is via dismissal with

---

[2] Insofar as the Ninth Circuit has made its decision regarding jurisdiction, the Court will not discuss what could have, or should have, happened in this case. Nor will it opine on the most correct interpretation of its original judgment and whether that remained in force after its second decision allowing amendment. Suffice it to say, the Court apologizes to the parties and the Ninth Circuit for any confusion—not to mention added time and expense—caused by the methodology it employed. The Court's intention was to streamline matters by providing various avenues for Butte County to pursue; not lengthen or confuse the process.

The Court has, in the past, worked with parties to effectuate appropriate procedures to aid appellate efforts. *See, e.g.,* Case No. 1:19-cv-00267, *Elosu v. Middlefork Ranch Inc.*, Dkt. 48 (entering consent judgment and order of dismissal based upon motion in limine ruling so party could appeal); Case No. 1:16-cv-00449, *J.R. Simplot v. McCain Foods USA*, Dkt. 484 (entering judgment on certain claims so party could appeal while remaining claims moved to trial). That did not happen in this case because neither the Court nor the parties thought such was necessary.

prejudice. This ensures there is no question that proceedings have concluded in front of the

district court and Butte County can appeal.

## IV. ORDER

1. Butte County's Motion for Entry of Judgment (Dkt. 33) is GRANTED.

2. The Court will enter a separate judgment in accordance with Federal Rule of

   Civil Procedure 58.

DATED: June 25, 2026

David C. Nye
U.S. District Court Judge